**Samir BENYOUNES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70037.

I & NS No. A77–281–506.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2002.*

Decided Feb. 12, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN and
SILVERMAN, Circuit Judges, and
REED,** District Judge.

MEMORANDUM***

Samir Benyounes, a citizen of Algeria, sought asylum, withholding of deportation, and relief under the United Nations Convention Against Torture. An Immigration Judge (IJ) denied him all relief and also denied his motion to reopen. This decision was affirmed by the Board of Immigration Appeals (BIA), and Benyounes now petitions for review. As the parties are familiar with the factual and procedural history of this case, we need not recite it in full here. We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition for review.

■ Benyounes first claims that the IJ did not recognize refusal to serve in the military as a ground for granting asylum. The BIA conducted a de novo review of the IJ's decision, however, and we thus review the BIA's decision, not that of the IJ. See Sidhu v. INS, 220 F.3d 1085, 1088 (9th Cir.2000). Because the BIA relied solely on the fact that Benyounes's testimony was not credible, as discussed further below, discussion of IJ's treatment of conscientious objector status is unnecessary.

■ Benyounes next claims that the BIA erred in denying him asylum and withholding of deportation on account of his fear of persecution. Here, at trial and in his initial asylum application, Benyounes told one story; in his motion to reopen before the IJ and in his brief before the BIA, however, he told a completely different story. As a result, the BIA made express adverse findings as to Benyounes's credibility. A finding that an applicant is not credible is sufficient for denial of a claim of asylum. See Leon–Barrios v. INS, 116 F.3d 391 (9th Cir.1997) (discrepancies between an applicant's two applications and failure to present a sufficient explanation sufficient to upholding denial of relief). Failure to make the needed showing for asylum necessarily implies failure to satisfy the standard for withholding. See Rivera–Moreno v. INS, 213 F.3d 481, 485 (9th Cir.2000). Because the conclusion that Benyounes is not eligible for asylum (and, therefore, withholding of deportation) is thus not manifestly contrary to law, see 8 U.S.C. § 1252(b)(4)(C), his claim that the BIA erred in denying him relief is without merit.

■ Benyounes next argues that the BIA's consideration of the contradictory story contained in his motion to reopen violates due process. None of the cases cited by Benyounes supports this position. Furthermore, Benyounes's attorney specifically asked the BIA to consider the information contained in the motion to reopen. As the motion to reopen is contained in the record, see 8 C.F.R. § 240.9, it does not deny Benyounes due process for the BIA (or this panel) to consider it in evaluating his claims.

Finally, Benyounes argues that the BIA committed error in not addressing Benyounes's explanation of the inconsisten-

** Honorable Edward C. Reed, Jr., Senior District Judge for the District of Nevada, sitting by designation.

cies between his testimony and his motion to reopen. It is clear from the BIA order, however, that the BIA considered, and rejected, the explanations offered by Benyounes for the inconsistencies. His claim that his explanations were not considered is therefore without merit.

PETITION FOR REVIEW DENIED.

---

* The Honorable Donald Molloy, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.